UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:13-CR-6-HAB<br>2:19-CV-217 |
| DAVID LEE HARDIN | |

**OPINION AND ORDER**

In early 2013, Defendant David Lee Hardin and his accomplice were arrested after robbing a bank in Hammond, Indiana. Hardin pled guilty to armed bank robbery, *see* 18 U.S.C. § 2113(a), and using/discharging a firearm in furtherance of that crime, *see id.* § 924(c). He was sentenced to 235 months' imprisonment. Pending before the Court is the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) (ECF No. 96), wherein the Defendant asserts that he received ineffective assistance of counsel relating to his guilty plea on the §924(c) count of the Indictment. The Government responded asserting that the Defendant's Motion is untimely and should be dismissed. (ECF No. 105). Because the Defendant filed his motion roughly five years after his judgment became final, the Court agrees with the Government and will dismiss his Motion as untimely.

**ANALYSIS**

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy

to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, *id.* § 2255(f)(2)–(4).

In this case, the Defendant's judgment of conviction in the District Court was entered on September 19, 2013. (ECF No. 50). Hardin appealed to the Seventh Circuit Court of Appeals, said appeal being dismissed on August 8, 2014.[1] (ECF No. 79); *United States v. Hardin*, 571 Fed. Appx. 480, 480–81 (7th Cir. 2014). "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v.*

---

[1] Defendant's appellate counsel filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit agreed with counsel that the anticipated challenges by Hardin were frivolous, granted counsel's motion to withdraw and dismissed his appeal. (ECF No. 79-1 at 2).

2

*United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1. Since Hardin did not seek to appeal beyond the Seventh Circuit, his judgment was final on November 6, 2014, 90 days after the Seventh Circuit's decision. He filed his present Motion to Vacate on June 10, 2019, nearly five years later – clearly outside the one-year time frame.

Recognizing that his Motion would otherwise be untimely under § 2255(f)(1), the Defendant contends that this Court should deem his Motion timely under equitable tolling principles and because of newly discovered evidence, *see* § 2255(f)(4). Defendant, however, makes competing assertions which fail to clearly articulate his basis for the court to deem the Motion timely.

For instance, with respect to the timeliness of his petition he first notes that he originally filed, through counsel, a timely Motion to Vacate, which counsel later moved to withdraw in April 2017, raising the same claims he raises in the present motion. (ECF Nos. 82, 92, 94). *See* Motion, ECF No. 96 at 3: "Petitioner states his…petition should be deemed timely because he filed his original 2255 in a timely manner raising both [] *Alleyne*[2] and *Johnson*[3] argument[s] in his original 2255 petition." A paragraph later, the Defendant asserts that his *Alleyne* issue was never raised. *Id.*: "The attorney contacted petitioner suggesting that the petition be dismissed to preserve petitioner [sic] initial 2255, failing to raise the *Alleyne* issue." In his concluding sentence, the Defendant appears to suggest again that the *Alleyne* issue was raised and asks the Court to grant equitable tolling "to reopen petitioner [sic] initial 2255 petition to address his *Alleyne v. United States*...issue which was in fact filed in a timely manner in petitioner[sic] initial 2255 petition." *Id.*

---

[2] *Alleyne v. United States,* 570 U.S. 99 (2013).
[3] *Johnson v. United States,* 135 S.Ct. 2551 (2015).

Despite these conflicting representations by the Defendant, this Court's review of the original § 2255 petition shows that the Defendant, through counsel, failed to make any argument relating to *Alleyne* in that petition and certainly no argument similar to that made in this go-round, i.e., that trial counsel should have raised *Alleyne* at sentencing as a ground to set aside his guilty plea on that count. Rather, the sole basis for his original petition was the *Johnson* case and his argument that armed bank robbery was not a predicate offense for a § 924(c) conviction. Thus, the issue was never, as Defendant suggests, timely raised in this Court in any prior filing. The ultimate question now is whether this failure in his initial, but withdrawn, § 2255 motion and the subsequent delay between that motion and the present one defeat his claim that the limitations period should be equitably tolled.

Equitable tolling is a basis on which a § 2255 movant can "avoid the bar of the statute of limitations." *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339–40 (7th Cir. 2016). Because a movant's diligence is "best evaluated in light of th[e] broader picture" of the conditions he faced, the equitable tolling analysis begins with the extraordinary circumstances element. *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014); *see also Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*,

860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)).

As the Government points out, the Defendant has not claimed any extraordinary circumstance that was outside his control for the past five years. Abandonment by counsel, an inability to access vital papers or a severe mental impairment are all potentially extenuating circumstances. *See Lou v. United States*, No. 19 CV 3189, 2020 WL 3960437 (N.D.Ill. July 13, 2020) (citing authorities). Here, however, other than his contradictory statements about whether the claim he wishes to now assert was originally asserted, the Defendant offers nothing in the way of an explanation as to what, outside of his control, made him unable to file his claim sooner.

Further, to the extent that Defendant is asserting that he failed to discover until shortly before the filing of the present petition that his *Alleyne* claim was never asserted in the original petition, this argument implicates the due diligence analysis. To establish diligent pursuit, a defendant must "demonstrate that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely" motion to vacate. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). To do so, the defendant must do more than simply show that he intended to preserve his rights, he must take actual steps to vindicate them. *Mayberry,* 904 F.3d at 531 (7th Cir. 2018). Defendant has submitted nothing and made no arguments from which the Court could conclude that he made any diligent attempts to pursue his rights. Eighteen months elapsed from the date the Defendant's initial § 2255 petition was ordered withdrawn by the court (ECF No. 93), until the filing of the present petition and Defendant sets forth no explanation whatsoever for that delay.

Simply put, there are no grounds for equitable tolling; there is no evidence that the Defendant has been pursuing his rights diligently, nor has he cited to "extraordinary

circumstances" that stood in the way of a timely filing. "[E]quitable tolling is rarely granted," *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), and this case does not provide a sufficient basis for the Court to do so. Accordingly, the Defendant's Motion is DENIED as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

6

For the reasons stated above, the Court DENIES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) (ECF No. 96) and DECLINES to issue a certificate of appealability.

SO ORDERED on December 17, 2020.

   s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT